UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDIE TAYLOR,

                    Plaintiff,

                                                    Case Number 06-13057-BC
v.                                                  Honorable David M. Lawson

ALTERRA HEALTHCARE CORPORATION
d/b/a/ ALTERRA ASSISTED LIVING SERVICES,
INC.,

                    Defendant.
_____ /

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

The plaintiff, Edie Taylor, filed this lawsuit in the Saginaw County, Michigan circuit court

against her former employer alleging that she was terminated in violation of the Michigan Whistle-

blowers' Protection Act, Mich. Comp. Laws § 15.361 *et seq*., due to a report she made to the

Department of Social Services regarding the care being provided to residents at the defendant's

nursing home. The defendant removed the case to this Court, relying on 28 U.S.C. §§ 1332 and

1441 and citing diversity of citizenship. The Court issued its standing order regarding removal,

which required the defendant to submit information showing this Court has jurisdiction. The

defendant has responded. On August 3, 2006, the plaintiff filed a motion to remand the case to state

court. The plaintiff argues that the amount in controversy does not exceed $75,000 as required by

28 U.S.C. § 1332.

A federal district court has original "diversity" jurisdiction if the action involves citizens of

different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28

U.S.C. § 1332(a)(1). The Sixth Circuit places the "burden on a defendant seeking to remove an

action to federal court to show by a preponderance of the evidence that the amount in controversy

requirement has been met." *Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 572 (6th Cir 2001) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Gafford*, 997 F.2d at 158. Rather, the defendant must show that it is "more likely than not" that the plaintiff is seeking damages in excess of the $75,000 limit. *Hayes*, 266 F.3d at 572. However, courts will not consider conclusory allegations without factual support when considering the amount in controversy requirement. *See Garza v. Bettcher Industries, Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990) (stating "the Defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses").

The plaintiff's motion to remand states the plaintiff earns only $8.50 per hour. If the plaintiff were seeking only economic damages, perhaps this Court would not have jurisdiction. However, the plaintiff seeks more than just lost wages. As the defendant's response to the Court's standing order notes, the plaintiff's complaint seeks compensation for "loss of physical well being, anxiety, stress and stress related symptoms, depression, and related loss of income, income opportunities, and benefits, humiliation, emotional distress, attorney fees and associated expenses," which the plaintiff states "in each instance to be in excess of Twenty Five Thousand ($25,000.00) Dollar[s]." Compl. ¶ 28. "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977). The plaintiff's motion to remand offers to stipulate that she will not seek more than $75,000. "Courts measure the amount

-2-

in controversy based on a reasonable reading of the value of the rights being litigated at the time of the removal."   16 Moore's Fed. Practice 3d § 107.14[2][g][i][A].   Because the amount in controversy is determined at the time of removal, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."   *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 872 (6th Cir. 2000).

The defendant also cites two cases in which nursing home employees sued under the Whistle-blowers' Protection Act after being retaliated against for reporting resident abuse and won at least $75,000.   In *Roulston v. Tendercare, Inc*., Case No. 96-011346CZ, 1997 WL 1716561 (November 1997), a plaintiff in Grand Rapids, Michigan sued a nursing home alleging that she was terminated for reporting resident abuse to the attorney general.   The plaintiff was awarded over $90,000 by a jury.   In *Dzyngel v. Argentine Care Center*, Case No. 96-46961-CL, 1998 WL 35017035 (March 1998), a case from Flint, Michigan, a plaintiff-nurse was terminated from a nursing home after reporting resident abuse to the state.   A jury awarded that plaintiff $17,000 in past wages and $733,000 in pain and suffering.   The defendant specifically has called the Court's attention to these cases and the similarity of circumstances and supporting facts.

Recovery for all the damages the plaintiff has alleged in her complaint could easily meet the jurisdictional requirement.   The defendant has made an adequate showing that the plaintiff's allegations "more likely than not" will meet the jurisdictional requirement.   The plaintiff's motion will therefore be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion to remand [dkt # 7] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 15, 2006

<div style="border:1px solid black; padding:1em;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>